**No. 57118.**—E. J. Taintor *v.* United States, protest 138607–K (Pembina).

JOHNSON, Judge: The merchandise in this case consists of 80 bags of Homesteader seed peas which the plaintiff exported to Canada and claims were reimported. The collector assessed duty thereon at 1¾ cents per pound under paragraph 769 of the Tariff Act of 1930. The plaintiff claims that the goods are entitled to free entry as American goods returned under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. The merchandise was exported and returned through the port of Pembina, N. Dak. Therefore, the record of exportation would appear upon the books of the customhouse. The affidavit for free entry on customs Form 3311 was filed by the importer but the declaration of the foreign shipper on consular Form 129 was not filed.

Under the provisions of paragraph 1615, *supra,* goods of American production are admitted without the payment of duty upon return to the United States but are subject to such regulations as to proof of identity and compliance with the conditions of said paragraph as the Secretary of the Treasury may prescribe. The regulations promulgated in conformity with the tariff provision, Customs Regulations of 1943, provide in part as follows:

**10.1 Requirements on entry.**—(*a*) The following documents shall be filed in connection with the entry of articles claimed to be free of duty under paragraph 1615, Tariff Act of 1930, as amended:

(1) A declaration of the foreign shipper on consular Form 129 (Invoice of Returned American Goods and Declaration of Foreign Exporter) certified by the American consular officer, if the value exceeds $100, together with a commercial or pro forma invoice setting forth the information required by or pursuant to section 481, Tariff Act of 1930. An invoice on consular Form 138 shall not be required if consular Form 129 is filed within the period provided for in these regulations.

(2) An affidavit of the owner, importer, consignee, or agent on customs Form 3311.

(3) A certificate, customs Form 4467, of the collector of customs at the port from which the merchandise was exported from the United States. * * * If

the merchandise has been exported from the port at which entry is made and the fact of exportation appears on the records of the customhouse, the fact of reimportation shall be noted on such export record but the filing of the certificate on Form 4467 shall not be required.

**10.2 Waiver of evidence.**—(a) The collector may waive record evidence of exportation and the declaration of the foreign shipper on consular Form 129 provided for in section 10.1 (a) (1) if he is satisfied by the production of other evidence as to the existence of all the facts upon which the entry of the merchandise under paragraph 1615, Tariff Act of 1930, as amended, is dependent. * * *

It appears from the record that the missing document was not supplied nor was the collector able to find that any Homesteader peas had been exported through the port of Pembina on or about November 24, 1946, as claimed, but that there were 80 sacks of Little Marvel peas exported on November 14, 1946, and 167 sacks of Wisconsin Merit peas exported on November 16, 1946. No other exports near the dates mentioned were found on the records of the customhouse. For the reason of the lack of compliance with the customs regulations and the absence of any records of export of Homesteader peas, duty was assessed at the appropriate rate.

At the trial of this case, the importer testified that he shipped Homesteader peas, and his truck driver who made the export declaration did not know anything about peas and suggested that he had erroneously called them Little Marvel or Wisconsin Merit peas by mistake. However, the witness was unable to produce any evidence to establish that Homesteader peas had been shipped on or about the date claimed.

Although we are of the opinion that the peas in question were most likely peas of his own stock which he had shipped to Canada, in the absence of evidence of exportation of the same and compliance with the mandatory regulations of the Secretary of the Treasury, the court is constrained to enter judgment in favor of the Government.